# United States Court of Appeals for the Fifth Circuit

---

No. 23-60528
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2024

Lyle W. Cayce
Clerk

Reina Leticia Garcia-Pena,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 758 016

---

Before Higginbotham, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:*

Reina Leticia Garcia-Pena, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of an Immigration Judge ordering her removed and denying her application for, *inter alia*, asylum and withholding of removal.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60528

This court reviews the denial of asylum and withholding claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). One who seeks asylum or withholding must show that officials are unable or unwilling to protect her from persecution on account of a protected ground, such as membership in a particular social group (PSG). *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021). One who seeks withholding must show it is "more likely than not" that officials would be unable or unwilling to protect her from persecution due to a protected ground if she is repatriated. *Id.* at 401 (internal quotation marks and citation omitted). If an alien fails to establish any of the elements of asylum or withholding, her claim fails, and the court need not consider her arguments concerning the remaining elements. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023).

Now, Garcia-Pena focuses wholly on the question whether the BIA erred by rejecting her proposed PSGs. She fails to argue the issue whether the BIA erred by concluding that the Honduran government could not or would not protect her and thus waives any challenge she may have had to this conclusion. Because this determination is an essential element of claims for asylum and withholding, she shows no error in connection with the BIA's rejection of these claims and concomitant dismissal of her appeal. *See Jaco*, 24 F.4th at 401; *Munoz-De Zelaya*, 80 F.4th at 693–94. The petition for review is DENIED.